# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3947 | **DATE** | August 27, 2002 |
| **CASE TITLE** | *Kevin's Towing, Inc. vs. Bette Thomas and City of North Chicago* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants defendants' motion to dismiss plaintiff's second amended complaint [3-1]. The court dismisses Count III with prejudice. The court dismisses Counts I and II without prejudice to be refiled in state court.

(11) ■ [For further detail see order on reverse side of the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 8 200 | |
| | Notified counsel by telephone. | | date docketed | 1 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN'S TOWING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 02 C 3947 |
| BETTE THOMAS and CITY OF NORTH CHICAGO, a municipal corporation and body politic, | ) Judge James H. Alesia ) ) ) |
| Defendants. | ) |

Filed stamp: AUG 28 2002

## MEMORANDUM OPINION AND ORDER

Before the court is defendants' motion to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the court grants defendants' motion to dismiss. The court dismisses Count III with prejudice and Counts I and II without prejudice.

### I. BACKGROUND

The following facts are taken from plaintiff's second amended complaint, and are assumed to be true for the purposes of defendants' motion to dismiss. From June 1998 through August 22, 2001, plaintiff Kevin's Towing, Inc. ("plaintiff") towed illegally parked cars from a parking lot at 22nd Avenue and Main Street in North Chicago, pursuant to a written agreement with the lot's owner, Edward Hines Lumber Company ("Hines").

On June 30, 2001, shortly before midnight, plaintiff received a telephone call from defendant, Bette Thomas ("Thomas"), mayor of the City of North Chicago ("the City"). During

1

this conversation and at Thomas's request, plaintiff agreed to release a pastor's car from a Waukegan storage lot. When plaintiff's employee arrived at the storage lot at about 12:15 a.m. to release the car, approximately twenty-five to thirty people, including Thomas, were present at the lot. At this time, Thomas requested the release of all the vehicles that had been towed, accused plaintiff of racketeering, and attempted to incite the crowd. Plaintiff released the vehicles to the crowd members who were demanding their cars and waived the storage charges on those vehicles. Then, at some point between June 30, 2001 and August 15, 2001, Thomas used threats and intimidation to induce Hines to terminate its contract with plaintiff.

On July 2, 2001, Thomas spoke with plaintiff's president, Kevin DePerte ("DePerte") and told DePerte that he would lose his towing contract with Hines, that she would attack his business in the local newsletter, and that she was meeting with the mayor of Waukegan and "was not done with [plaintiff] yet." (Second Am. Compl. at 13.)

On August 8, 2001, at the request of Hines's attorney, DePerte signed a contract amendment that prohibited plaintiff from towing cars during special events at Great Lakes unless specifically requested to do so. The contract amendments were intended to appease concerns the City expressed about plaintiff. Despite these amendments, on August 15, 2001, Hines informed plaintiff that it was terminating their contract, effective August 22, 2001. Hines terminated the contract because Thomas said it would be in its best interest to hire All-Star Towing – a company owned by Thomas's nephew – to do his towing in North Chicago. Hines believed Thomas would retaliate if it continued its contractual relationship with plaintiff.

On September 14, 2001, plaintiff filed a two-count complaint against Thomas and the City (collectively "defendants"), in the Circuit Court of the Nineteenth Judicial Circuit, Lake

2

County. On May 24, 2002, plaintiff filed a second amended complaint which added a federal count. Count I of the second amended complaint is a claim for tortious interference with contract under Illinois law. Count II is a claim for abuse of governmental power under Illinois law. Count III is a claim for federal due process pursuant to 42 U.S.C. § 1983 ("§ 1983"). On June 17, 2002, defendants removed the action to federal court because plaintiff's § 1983 claim arises under federal law. This court has jurisdiction over the § 1983 claim pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the remaining state law claims in Counts I and II pursuant to 28 U.S.C. § 1367(a). Before the court is defendants' motion to dismiss plaintiff's second amended complaint under Rule12(b)(6).

## II. DISCUSSION

### A. Standard for Deciding a Rule 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test their sufficiency under the law. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a motion to dismiss, the court reads a complaint liberally, dismissing the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that entitles him to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

Defendants argue that Count III should be dismissed because (1) plaintiff has failed to establish the existence of a property right protectable by the United States Constitution, and (2) plaintiff has state remedies available which foreclose a federal due process claim. Defendants

and plaintiff agree that if this court dismisses Count III, then it should relinquish jurisdiction over Counts I and II.

**B.     Count III:  Federal Due Process Claim[1]**

A plaintiff is not deprived of property without due process of law if a predeprivation hearing is impracticable and the state provides an adequate postdeprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A predeprivation hearing is impracticable when the deprivation of property results from "random or unauthorized" conduct of a state or local official, rather than as a result of an existing state policy or rule. The rationale is that "'when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur.'" *Gable v. City of Chicago*, 296 F.3d 531, 539 (7th Cir. 2002) (quoting *Hudson*, 468 U.S. at 533). The Seventh Circuit has explained:

> Section 1983 must be preserved to remedy only those deprivations which actually occur without adequate due process of law, such as those which result from a *state's* conscious decision to ignore the protections guaranteed by the Constitution. It should not be employed to remedy deprivations which occur at the hands of a state employee who is acting in direct contravention of the state's established policies and procedures which have been designed to guarantee the very protections which the *employee* now has chosen to ignore. Such a limitation upon § 1983 maintains the delicate balance between the state and federal judicial systems, leaving the former to remedy individual torts and the latter to address property deprivations which occur without adequate due process protection.

---

[1] Count III of plaintiff's second amended complaint alleges that "Kevin's was deprived of property, to wit, income pursuant to the Hines contract, without due process of law." (Second Am. Compl. at 25.) Although plaintiff does not indicate whether it is bringing a claim for violations of his *procedural* due process rights or his *substantive* due process rights, the court assumes from the language of the complaint that this is a procedural due process claim and analyzes it as such.

4

*Easter House v. Felder*, 910 F.2d 1387, 1404-05 (7th Cir. 1990) (emphasis in original). In cases involving "random or unauthorized" conduct a plaintiff must either (1) avail itself of available state law remedies, or (2) demonstrate that those state law remedies are inadequate. *Hudson*, 468 U.S. at 539. If an adequate remedy exists, there has been no deprivation of due process. *Id. See Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (stating that to sufficiently allege a violation of procedural due process under § 1983, a plaintiff must challenge the fundamental fairness of state procedures in the complaint).

First the court must determine if the alleged deprivation of property here resulted from "random or unauthorized" conduct of a state or local official. Second, if the court determines that the conduct was "random and unauthorized," then it must examine the adequacy of postdeprivation remedies.

### 1. "Random and unauthorized" conduct

To determine whether postdeprivation remedies alone satisfy due process, the court first must determine whether the state actor's conduct is "random and unauthorized," as opposed to "predictable and authorized." *Easter House*, 910 F.2d at 1400. Whether a defendant's conduct is "random and unauthorized" is a question of law appropriate for resolution in a motion to dismiss. *Hamlin*, 95 F.3d at 584 n.2 (citing cases). The court must apply a two-part test to determine whether the state actor's conduct is considered "random and unauthorized" or "predictable and authorized": first, the court must determine whether the official exercises a certain degree of discretion in his or her position; and second, the court must determine the extent to which the state official's discretion is "uncircumscribed." *Id.*

5

Accepting the allegations in the complaint as true, the court finds that the defendants' alleged actions are "random and unauthorized." First, defendants' conduct was "random," not "predictable," under the first part of this test because, although Thomas, as mayor, exercises a certain degree of discretion in her position, this discretionary authority certainly does not extend to interference with private contracts to which the City is not a party. Her conduct, though possibly causing a deprivation of property, is not "predictable" from the point of view of the state, and could not have been prevented through the implementation of additional predeprivation procedural safeguards. *See Easter House*, 910 F.2d at 1400-01 (determining whether conduct is "predictable" from the point of view of the state). Second, Thomas's alleged actions were "unauthorized" rather than "authorized" because, "although the alleged deprivation did arguably occur at the hands of a 'high ranking official,' it is clear that it was not the result of that official's 'abuse of... broadly delegated, uncircumscribed power to effect the deprivation at issue.'" *Easter House*, 910 F.2d at 1402. Therefore, the court finds that defendants' conduct was "random and unauthorized." It follows, then, that plaintiff was entitled only to postdeprivation remedies, and the court next must decide whether meaningful postdeprivation remedies exist under state law. *See Easter House*, 910 F.2d at 1405 (stating that once a defendant's conduct is characterized as "random and unauthorized" the court must decide whether meaningful postdeprivation remedies exist under state law).

### 2. Adequacy of postdeprivation remedies

The Supreme Court has found that the availability of a common-law tort suit constitutes an adequate postdeprivation remedy. *Gable*, 296 F.3d at 540 (citing *Hudson*, 468 U.S. at 534-35). In so doing, the Court rejected the plaintiff's contention that a tort suit was not an adequate

remedy because it would not 'necessarily compensate him fully,' and stated, "'that [plaintiff] might not be able to recover under these [common-law tort] remedies the full amount which he might receive in a § 1983 action is not ... determinative of the adequacy of the state remedies.'" *Id.* Following *Hudson*, the Seventh Circuit consistently has found that potential state tort actions provide meaningful postdeprivation remedies sufficient to provide the requisite due process protection. *See, e.g., Gable*, 296 F.3d at 540; *Hamlin*, 95 F.3d at 585; *Easter House*, 910 F.2d at 1405; *Weinstein v. Univ. of Ill.*, 811 F.2d 1091, 1096 (7th Cir. 1987); *Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir. 1984); *Okoro v. Bohman*, No. 94 C 6343, at *2 (N.D. Ill. Sept. 14, 2001); *Manos v. Caira*, 162 F. Supp. 2d 979, 991 (N.D. Ill. 2001); *Neptune Fireworks Co. v. Ahern*, No. 89 C 5074, 1995 WL 311395, at *6 (N.D. Ill. May 18, 1995).

Here, plaintiff does not sufficiently allege a violation of procedural due process under § 1983, because it does not allege or argue, much less demonstrate, that it has availed itself of state remedies or that the remedies provided by Illinois state law are inadequate. *See Hamlin*, 95 F.3d at 583 (stating that a complaint does not state a valid § 1983 procedural due process claim "'if it does not include a challenge to the fundamental fairness of the state procedures. If a procedural due process claim lacks a colorable objection to the validity of the State's procedures, no constitutional violation has been alleged.'") (quoting *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996)). Moreover, the court finds that the availability of a common-law tort suit constitutes an adequate postdeprivation remedy. The plaintiff may seek a wide variety of relief in state court under numerous legal theories. For example, "Illinois law recognizes a tort action which businesses may bring against parties which interfere with business relationships or their right to conduct business generally." *Easter House*, 910 F.2d at 1405 (citing cases). In addition,

7

"under Illinois law, an injured party may bring an action if a third party interferes with the injured party's contractual relationships or if it 'tortiously interferes' with the injured party's 'prospective economic advantage.'" *Id.* "Illinois courts have also stated that the right to do business constitutes 'property,' ... [t]hus, a business may bring an action for the tort of malicious and wrongful impairment of property if it is based upon a civil wrong." *Id.* Also, here, Count I of plaintiff's second amended complaint alleges tortious interference with contract under Illinois law, and Count II alleges abuse of governmental power under Illinois law. All these potential causes of action, among others, adequately afford plaintiff "meaningful post-deprivation remedies" sufficient to provide the requisite due process protection.[2] Therefore, the court finds that adequate state remedies exist to correct any injuries which may have resulted from the defendants' conduct. Any actions for injuries must be brought in the state forum. *See, e.g., Weinstein,* 811 F.2d at 1096 (assuming that the due process clause applies to efforts by the state to eliminate entitlement established by private contracts, but stating that "the 'due process' of which the fourteenth amendment speaks is a suit under state law.").

In sum, because defendants' conduct was "random and unauthorized" and because Illinois provides plaintiff with an adequate postdeprivation remedy, the court finds that plaintiff has failed to state a claim for deprivation of due process under the Fourteenth Amendment.

---

[2]Plaintiff may have more state law remedies other than those causes of action listed herein. However, the court "need not discuss every possible theory of recovery to find that available remedies are adequate to provide meaningful postdeprivation relief." *Easter House,* 910 F.2d at 1405 n.14. Likewise, this court is not suggesting that plaintiff necessarily is entitled to recovery under any of these theories. Also, the court finds no merit in plaintiff's unsupported argument that state remedies are inadequate because defendants filed a motion to dismiss plaintiff's complaint in state court for failure to plead sufficient facts in accordance with Illinois fact-pleading requirements.

Accordingly, the court grants defendants' motion to dismiss with prejudice Count III of plaintiff's second amended complaint. *See, e.g., Manos*, 162 F. Supp. 2d at 991 (dismissing with prejudice Fourteenth Amendment Due Process claim because Illinois provided an adequate postdeprivation remedy). *Accord Neptune Fireworks Co.*, 1995 WL 311395, at *14. Because the court finds that plaintiff has failed to state a claim under § 1983, it need not decide whether plaintiff has established the existence of a property right protectable by the United States Constitution.[3]

## C.     Counts I and II:  State Law Claims

Still pending are (1) Count I, a claim for tortious interference under Illinois law, and (2) Count II, a claim for abuse of governmental power under Illinois law. This court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

Although § 1367(a) *authorizes* federal courts to exercise supplemental jurisdiction over state law claims, this does not mean that federal court *must* exercise jurisdiction in all cases. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997). Rather, supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right..." *Id*. Although there are "unusual

---

[3]To the extent Count III alleges a *substantive* due process claim, the claim would still fail because, as the Seventh Circuit recently stated, "[i]n order to prevail on a substantive due process claim involving a deprivation of a property interest, a plaintiff must 'show either the inadequacy of state law remedies or an independent constitutional violation.'" *Gable*, 296 F.3d at 541 (citing *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996)). *See also Porter v. DiBlasio*, 93 F.3d 301, 310 (7th Cir. 1996) ("In order to state a viable substantive due process claim, in addition to alleging that the decision was arbitrary and irrational, the plaintiff must also show either a separate constitutional violation or the inadequacy of state law remedies.'") (citations omitted). As discussed herein, plaintiff does not allege the inadequacy of state law remedies. Further, plaintiff fails to allege that the City violated some other substantive constitutional right other than a violation of due process. Therefore, plaintiff's substantive due process claim would fail.

9

cases in which the balance of factors to be considered under the [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness and comity – will point to federal decision of the state-law claims on the merits," the district judge is given broad power in determining whether such circumstances apply, and thus, whether it is appropriate to retain jurisdiction over the state law claims. *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998). The district court's discretion to relinquish supplemental jurisdiction is "almost unreviewable," especially when all federal claims have been dropped from the case before trial and only state law claims remain. *Id.* "At that point, respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns." *Id.* In fact, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)

This case is precisely the situation described in § 1367(c)(3). The only claim giving rise to federal jurisdiction in the first instance was plaintiff's § 1983 claim, and the court dismissed this claim, *supra* Sect. II.B. Because the § 1983 claim has been dismissed, federal jurisdiction over the remaining state law claims is based entirely upon the supplemental jurisdiction statute which provides that a district court "may decline to exercise supplemental jurisdiction" over a supplemental state law claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Therefore, it is within this court's discretion to proceed with plaintiff's state law claims or dismiss them. Here, both parties agree that if this court dismisses Count III of plaintiff's second amended complaint, the court should relinquish jurisdiction over Counts I and II. Further, the court finds that the factors of judicial economy,

10

convenience, fairness, and comity are not served by this court's retention of jurisdiction. *See Int'l Coll. of Surgeons*, 522 U.S. at 172 (outlining factors).

First, judicial economy is not served by this court's retention of jurisdiction. At this point, the burden of the state law claims would be the same for a federal as for a state court, and there would be no substantial duplication of effort if the state law claims were tried in state court. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (holding that the district court should have relinquished jurisdiction over state law claims when the federal claims were dismissed and there was very little federal judicial investment in state law claims).

Second, convenience is not served by this court's retention of jurisdiction. The state law claims are not patently frivolous, nor is it absolutely clear to this court how the supplemental state law claims will be decided. *See Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997) (reaffirming the "no brainer" exception to the general rule that federal courts should relinquish jurisdiction of state law claims); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993) (holding that retention of a state law claim is appropriate when the correct disposition of the claim is "so clear as a matter of state law that it could be determined without further trial proceedings and without entanglement with any difficult issues of state law ....").

Finally, fairness and comity are not served by this court's retention of jurisdiction. Under § 1367(d), the period of limitations for any claim asserted under subsection (a) "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Thus, dismissal of the state law claims on jurisdictional grounds will not preclude plaintiff from pursuing this matter in state

11

court. *Olde Discount, Inc. v. Parker*, No. 97 C 5746, 1998 WL 901673, at *4 (N.D. Ill. Dec. 21, 1998). Further, no res judicata effect attaches to the claims the court dismisses for lack of subject matter jurisdiction. *Follkie v. City of Chicago*, No. 97 C 154, 1997 WL 527304, at *6 n.7 (N.D. Ill. Aug. 19, 1997).

In sum, judicial economy, convenience, fairness and comity do not compel this court to retain jurisdiction over plaintiff's state law claims. This case belongs in state court. Therefore, this court exercises its discretion in dismissing without prejudice plaintiff's supplemental state law claims, Counts I and II. Plaintiff is free to file these claims in state court.

### III. CONCLUSION

For the foregoing reasons, the court grants defendants' motion to dismiss plaintiff's second amended complaint. The court dismisses Count III with prejudice and Counts I and II without prejudice.

Date: AUG 27 2002

James H. Alesia
United States District Judge